UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent, ) | |
| ) | |
| v. ) | No. 2:08-CR-30(04) |
| ) | |
| ) | |
| ALFRED CRUM, ) | |
|     Petitioner. ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Doc. 207]. The defendant requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 782 and 750 to the United States Sentencing Guidelines. The United States has responded and opposes a reduction in sentence arguing that the defendant's new calculated sentencing range is not below his existing sentence, and therefore, the defendant is ineligible for any reduction, [Doc. 208]. The defendant has replied, [Doc. 210], and the matter is ripe for review. The motion will be GRANTED in part.

The defendant was convicted of participating in a conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) and conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). He was held accountable for at least 1.5 kilograms of cocaine base and 5.4 kilograms of cocaine, resulting in a base offense level of 38. The base offense level was decreased by two levels pursuant to the 2008 Sentencing Guidelines Manual Application Notes 10(b) and (d) of

1

USSG § 2D1.1 resulting in a base offense level of 36[1]. No other pretrial reductions were applied. A total Offense Level of 36 and a criminal history category of V resulted in a guideline range of 292 months to 365 months.

During the sentencing hearing, the Court orally sustained the defendant's objection that the defendant's criminal history category overstated his criminal history and reduced the defendant's criminal history category from V to IV. This reduced criminal history category of IV with a total offense level of 36 resulted in a guideline range of 262 months to 327 months. The Court granted the United States's motion for downward departure pursuant to USSG 5K1.1 and reduced the defendant's total offense level to 33, resulting in a guidelines range of 188 months to 235 months. The defendant was ultimately sentenced to 188 months' imprisonment.

The defendant has a pending motion to reduce sentence pursuant to Amendment 750, [Doc. 203]. However, because the defendant's Amendment 782 request results in a lower sentence than Amendment 750, the Court will only address his Amendment 782 motion. Citing a new Total Offense Level of 32 and a criminal history category of V, resulting in a reduced guideline range of 188 months to 235 months, the defendant applied a 36% substantial assistance reduction to the range resulting in a requested reduced sentence of 120 months. However, this request does not take into account the defendant's reduced criminal history category of IV, which was granted at sentencing.

The United States filed a response to the defendant's sentence reduction motion arguing that the defendant was ineligible for a sentence reduction under Amendment 782. The government argues that based on the Statement of Reasons the defendant's sentence was reduced due to an overstated criminal history and that the 5K1.1 motion is not listed as a reason for

---

[1] This two-level reduction is no longer applicable and will not be applied to the Amendment 782 calculations.

2

Case 2:08-cr-00030-JRG   Document 223   Filed 02/23/16   Page 2 of 3   PageID #: 843

reduction in the Statement of Reasons. However, after the government filed its response, the official transcript of the sentencing hearing has been filed, [Doc. 209], clearly indicating that the defendant received a substantial assistance reduction and a reduction for an overstated criminal history category. The defendant's reply notes as much, [Doc. 210].

To calculate the defendant's guideline range, the Court will utilize a base offense level of 32 based on a quantity of 1.5 kilograms of cocaine base and 5.4 kilograms of cocaine. Based on the defendant's reduced criminal history category of IV and total offense level of 32, the defendant faces a reduced guidelines range of 168 months to 210 months. The United States Probation Office calculated a 28% reduction from the original guideline range for substantial assistance. The United States Probation Office calculated a 28% reduction from the bottom of the original guideline range of 262 months (total offense level of 36 and a criminal history category of IV) to the original sentence of 188 months. Therefore, after applying a 28% reduction from the bottom of the defendant's reduced guideline range of 168 months, the defendant's sentence will be reduced to a term of imprisonment of 121 months. Therefore, it is hereby ORDERED that the defendant's motion for a sentence reduction, [Doc. 207], is GRANTED, and the defendant's sentence is reduced to a term of 121 months as to both counts to run concurrently, resulting in a total net sentence of 121 months.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE